1 | Daniel G. Shay, SBN 250548
DANIEL SHAY LAW
2 | 8880 Rio San Diego Dr., Ste. 800
San Diego, CA 92108
3 | Phone: 619-222-7429
Fax: 866-431-3292
4 | DanShay@SDBKN.com

Attorney for Debtors, Douglas Tucker & Holly Holmes

UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No. 10-21950-MM13 |
| ) | |
| DOUGLAS TUCKER & HOLLY HOLMES ) | Chapter 13 |
| ) | |
| ) | MOTION FOR VALUATION |
| Debtors. ) | OF DEBTORS' RESIDENTIAL |
| _____ ) | REAL PROPERTY AND |
| DOUGLAS TUCKER & HOLLY HOLMES ) | AVOIDANCE OF JUNIOR |
| ) | LIEN HELD BY JP MORGAN |
| ) | CHASE BANK, NA |
| Movants. ) | |
| vs. ) | |
| ) | Hearing Date:   5/17/2011 |
| JP MORGAN CHASE BANK, NA, ) | Hearing Time:   10:00AM |
| ) | Department:     2 |
| Respondent. ) | |
| _____ ) | |

Debtors, Douglas Tucker and Holly Holmes ("Movants") bring this motion for valuation of their residential real property and avoidance of the junior lien held by JP Morgan Chase Bank, NA ("Respondent") based on the following:

**FACTS**

1. Movants filed the above captioned Joint Chapter 13 Bankruptcy on December 15th, 2010 and were assigned case number 10-21950-MM13.

1

2. The 341(a) Meeting of Creditors is scheduled for January 21st, 2011 with Chapter 13 Trustee, David L. Skelton presiding.

3. In Movants' bankruptcy schedules, they listed their primary residence located at 402 W San Marcos Blvd., Unit 104, San Marcos, CA 92069 ("Residence") valued at approximately $187,500.00 and encumbered by a First Deed of Trust held by JP Morgan Chase Bank, NA in the approximate amount of $264,287.00 and a Second Deed of Trust held by Respondent in the approximate amount of $62,830.00. (Declaration of Debtors and Declaration of Appraiser).

4. Movant's Chapter 13 plan filed December 15th, 2010 intends to treat the junior lien held by Respondent as a wholly unsecured claim and said plan intends to repay unsecured creditors a 0% dividend.

5. Paragraph 19 of Movants' Chapter 13 plan contains the following language:

**"DEBTORS REQUEST THE COURT TO VALUE THEIR PRINCIPAL RESIDENCE AT $187,500 WHICH RESULTS IN CHASE MANHATTAN MORTGAGE, HOLDER OF A 2ND DEED OF TRUST ON DEBTORS' RESIDENCE, WITH A WHOLLY UNSECURED CLAIM AND AVOIDABLE PURSUANT TO 11 U.S.C. 1322 AND 11 U.S.C. 506(a)(2).  THIS PLAN PROPOSES TO TREAT CHASE MANHATTAN MORTGAGE'S CLAIM ON THE 2ND DEED OF TRUST AS WHOLLY UNSECURED.  DEBTORS WILL SERVE CHASE MANHATTAN MORTGAGE, THE HOLDER OF THE 2ND DEED OF TRUST, WITH NOTICE OF A MOTION TO VALUE COLLATERAL AND STRIP LIEN WITH THE REQUIRED SUPPORTING DOCUMENTATION AND COPY OF THIS PLAN..''**

6. A copy of Movants' Chapter 13 plan was served upon all creditors and a copy of said plan is attached to the accompanying Declaration of Debtors.

7. Since the claim of the First Trust Deed exceeds the value of Movants' primary residence and leaves Respondent's claim on the junior lien unsecured, Movants file this motion to value their primary residence at $187,500.00 and thus render Respondent's claim as wholly unsecured under Movants' Chapter 13 plan filed December 15th, 2010 and therefore void upon the successful completion of Movants' Chapter 13 bankruptcy.

**ARGUMENT**

1. Movants make this motion under Rule 3012 of the Federal Rules of Bankruptcy Procedure that provides:

    "The Court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any part in interest and after a hearing on notice to the holder of secured claim and any other entity as the Court may direct."

2. Pursuant to Zimmer v. PSB Lending Corp. (In Re Zimmer), 313 F. 3dn 1220, (9th Cir. Cal. 2002), a wholly unsecured lienholder is not entitled to the "anti-modification" protections of 11 U.S.C. §1322(b)(2).

3. 11 U.S.C. § 1322(b)(2) provides in pertinent part that a Chapter 13 plan may:

    "Modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principle residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims."

4. 11 U.S.C. § 506 provides in pertinent part

    (A)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest o the amount so subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

5. Movants' Chapter 13 plan provides notice that an action will be filed to void Respondent's junior lien.

6. Respondent is no longer the holder of a "Secured Claim" since no claims exist against any value in the Residence after the First Trust Deed's interest.

7. Respondent has no valuable interest whatsoever in the Movants' residence securing its alleged claim.

8. The junior lien, for all intents and purposes, is wholly unsecured.

9. Respondent is not the "holder of a secured claim" per 11 U.S.C. § 506(a).

10. Respondent's lien secures a claim against the Residence that is not an allowed secured claim.

11. Respondent's junior lien is void upon successful completion of Debtor's Chapter 13 plan pursuant to 11 U.S.C. § 1322(b).

WHEREFORE, the Movants respectfully pray for relief as follows:

    A. Declaratory Relief valuing their primary residence at $187,500.00;

    B. Declaratory Relief that upon successful completion of Movants' Chapter 13 plan, Respondent's lien is void per 11 USC § 1322(B)(2);

    C. Declaratory Relief that the proof of claim filed by Respondent is an unsecured general nonpriority claim;

    D. Attorney fees of $450.00 plus associated costs to be stated and itemized in a supplemental declaration to be filed with the Court, and to be paid to Movants' attorney of record, Daniel G. Shay, through Movants' Chapter 13 plan.

    E. Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

DATED: January 20th, 2011      /s/ Daniel G. Shay
    Daniel G. Shay
    DANIEL SHAY LAW
    Attorney for Movants/Debtors